IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LEA ANN LYNCH**,

        Plaintiff,

   v.

**BANK OF AMERICA N.A. CORP.**,

        Defendant.

No. 3:16-cv-02096-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Pro se Plaintiff Lynch filed a Complaint [2] against Bank of America based on allegations that she is having difficulty with the bank as her loan service provider. She also filed an Application to Proceed *in forma pauperis* [1] and a Motion for Appointment of Counsel [3].

    Ms. Lynch's Application to Proceed *in forma pauperis* is GRANTED and her Motion for Appointment of Counsel is DENIED. For the reasons set forth below, Ms. Lynch's Complaint is DISMISSED, without service of process.

**DISCUSSION**

    Under 28 U.S.C. § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it fails to state a claim on which relief may be granted.

    In order for a court to have jurisdiction to hear the case, the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." *Harris v. Rand*, 682 F.3d

1 – OPINION AND ORDER

846, 850 (9th Cir. 2012).  When the court's subject matter jurisdiction is based on diversity and the defendant is a corporate entity, the complaint must identify "both the state of incorporation and the principal place of business of corporate parties."  *Id.*  The Complaint must also allege the amount in controversy is at least $75,000.  28 U.S.C. § 1332 (2011).

Separately, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

Here, the face of the Complaint fails to allege sufficient facts to show that I have subject matter jurisdiction over this case.  Ms. Lynch alleges subject matter jurisdiction based on diversity of citizenship.  The Complaint states she is a citizen of the state of Oregon and that Bank of America is incorporated in North Carolina.  But, the Complaint does not state where Bank of America's principal place of business is located.  Additionally, Ms. Lynch does not allege facts to support a finding that the amount in controversy is at least $75,000.  The only economic information she provides to support her claim is an allegation that the controversy is over approximately $296.00 per year related to her mortgage escrow.  On its face, this information does not plausibly support the amount in controversy requirement for diversity jurisdiction.

Even if I had diversity jurisdiction, the Complaint fails to state a claim for relief that is plausible on its face.  Ms. Lynch alleges that she has "had issues with Bank of America since they have taken [over] the servicing" of her loan.  Besides being frustrated with the service she has received from Bank of America, Ms. Lynch fails to identify exactly what legal claim she is bringing or what legal misconduct she is alleging.  Her claims, quite simply, are not grounded in

the law.  Therefore, I must dismiss the Complaint because it fails to state a claim upon which relief may be granted.

For the reasons stated above, I GRANT the Application to Proceed *in forma pauparis* [1], but I DISMISS the Complaint [2] without service of process.  Plaintiff's Motion for Appointment of Counsel [3] is DENIED.  Plaintiff has thirty days from the issuance of this order to file an Amended Complaint that cures the jurisdictional and claim deficiencies discussed above, or I will dismiss the case.

IT IS SO ORDERED.

DATED this __28__ day of November, 2016.

                                       /s/ Michael W. Mosman
                                       MICHAEL W. MOSMAN
                                       Chief United States District Judge

3 – OPINION AND ORDER