IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LEA ANN LYNCH**,

        Plaintiff,

    v.

**BANK OF AMERICA N.A. CORP.**,

        Defendant.

No. 3:16-cv-02096-MO

OPINION AND ORDER

**MOSMAN, J.**,

On November 28, 2016, I GRANTED pro se Plaintiff Lynch's Motion for Leave to Proceed *in Forma Pauperis* [5]. I also issued an Opinion and Order DISMISSING the Complaint without service of process [5]. I gave Ms. Lynch thirty days to file an Amended Complaint. On December 19, 2016, Ms. Lynch filed an Amended Complaint [9]. For the reasons set forth below, Ms. Lynch's Amended Complaint is DISMISSED without service of process.

**DISCUSSION**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint filed *in forma pauperis* must be dismissed before service of process if it fails to state a claim on which relief may be granted.

In order for a court to have jurisdiction to hear the case, the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." *Harris v. Rand*, 682 F.3d

1 – OPINION AND ORDER

846, 850 (9th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(1)). When the court's subject matter jurisdiction is based on diversity and the defendant is a corporate entity, the complaint must identify "both the state of incorporation and the principal place of business of corporate parties." *Id.* The Complaint must also allege that the amount in controversy is at least $75,000. 28 U.S.C. § 1332 (2011).

Separately, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Plaintiff's Amended Complaint alleges that I have subject matter jurisdiction based on diversity and federal question. According to the face of the Amended Complaint, however, Defendant's principal place of business is in Oregon. Thus, because Plaintiff is also a citizen of Oregon, I do not have diversity jurisdiction over this case. *See* 28 U.S.C.§ 1332 (explaining the basis for diversity jurisdiction).

Plaintiff also alleges that I have federal question jurisdiction. She claims Defendant has violated Title 3 of the Americans with Disabilities Act, the Fair Housing Act, the Dodd-Frank Act, and the Fourteenth Amendment. However, Plaintiff fails to allege well-pleaded facts that allow me to infer more than a mere possibility of misconduct under those statutes and the Fourteenth Amendment of the U.S. Constitution. The facts continue to show that Plaintiff is frustrated with Defendant's servicing of her loan, but, quite simply, they do not support any allegation of legal misconduct.

For the reasons stated above, I must DISMISS the Amended Complaint [9] because it fails to state a claim upon which relief may be granted.  My Order GRANTING leave to proceed *in forma pauperis* [6] is REVOKED.

IT IS SO ORDERED.

DATED this   6th   day of January, 2017.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
Chief United States District Judge